**PRINDLE, GOETZ, BARNES & REINHOLTZ LLP**
R. Derek Classen, Esq. (Bar No. 162805)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
dclassen@prindlelaw.com
TARG-0443
Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISCTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARIA AMARO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, and DOES 1 through 100, Inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) [DIVERSITY]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant TARGET CORPORATION, erroneously sued and served herein as TARGET CORPORATION, a Minnesota corporation (hereinafter "TARGET"), hereby removes to this Court the state court action described below.

　　1.　　On or about December 14, 2017 an action was commenced in the Superior Court of the State of California in the County of Los Angeles, entitled MARIA AMARO v. TARGET CORPORATION, et al., as Case Number BC686897. A copy of the Complaint is attached hereto as Exhibit "A."

/ / /

2. The first date upon which Defendant TARGET received a copy of said Complaint was January 19, 2018, when Defendant was served with a copy of the Complaint and a summons from the State Court. A copy of the summons is attached hereto as Exhibit "B."

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446(b), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs based upon Plaintiff's demand for settlement of $800,000.00 (attached as Exhibit "C" is a copy of Plaintiff's counsel's letter dated June 5, 2017) and claimed special damages in the amount of $317,673.68 (attached as Exhibit "D" is a copy of Plaintiff's special damages).

5. Plaintiff, MARIA AMARO, was and is a citizen of the State of California, and Target was and is a citizen of the State of Minnesota, where it is incorporated and where its principal place of business and nerve center are located.

6. TARGET is the only named Defendant in this action, and is the only Defendant that has been served with the summons and complaint in this action.

DATED: February 13 2018

PRINDLE, GOETZ, BARNES & REINHOLTZ LLP

By: _R. Derek Classen_
R. DEREK CLASSEN
Attorneys for Defendant,
TARGET CORPORATION

2

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. §1441(B) [DIVERSITY]

# EXHIBIT "A"

ROBERT L. BOOKER II, ESQ. (BAR NO. 232065)
SOHEIL BAHARI, ESQ. (BAR NO. 297162)
**CENTURY PARK LAW GROUP, APLC**
1801 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: Robert@CPLGLaw.com

Attorneys for Plaintiff
DAVID MUHAMMAD

Electronically
**FILED**
by Superior Court of California
County of Los Angeles on
**10/10/17**
Sherri R. Carter, Executive Officer/Clerk
By Melissa Yelverton, Deputy
Melissa Yelverton

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES- UNLIMITED

| | |
|---|---|
| DAVID MUHAMMAD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: **BC678975**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Premises Liability<br>2. General Negligence<br><br>**[DEMAND FOR TRIAL BY JURY]** |

Plaintiff DAVID MUHAMMAD alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Defendant TARGET CORPORATION (hereinafter referred to as "Defendant") is, and at all times hereinafter mentioned was, a Minnesota doing business in the County of Los Angeles, State of California. Defendant is, and at all times herein mentioned were, one of the owners and/or managers of a certain property located at 2700 120th St., Hawthorne, CA 90250 (hereinafter referred to as "PREMISES").

2. Plaintiff, DAVID MUHAMMAD (hereinafter referred to as "Plaintiff"), is, and at all times hereinafter mentioned was, an individual residing in the County of Los Angeles, State of California.

3. The true names and capacities, whether individual, corporate, associate or

-1-

COMPLAINT FOR DAMAGES

DEPT 97 Hon. Benny C. Osorio A7250

BC678975

1  otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who
2  therefore sues said defendant by such fictitious names, and Plaintiff will ask leave of the
3  Court to amend this Complaint to show their true names and capacities when the same
4  have been ascertained. Plaintiff is informed and believes and thereon alleges that each of
5  the defendants designated herein as a DOE is negligently responsible in some manner for
6  the events and happenings herein alleged.

7  4. Plaintiff is informed and believes and thereon alleges that at all times herein
8  mentioned defendants, and each of them, were acting on their own behalf and as the
9  agents, employees and representatives of each other and of DOES 1 through 100, inclusive,
10 (collectively referred to hereinafter as "Defendant") and were and are at all times relevant
11 hereto acting within the scope and authority of such agency and employment and with the
12 knowledge, consent, approval and ratification of each of the named defendants and of DOES
13 1 through 100, inclusive.

14 5. Venue in this Court is proper in that the cause of action occurred within this
15 district, and/or at least one defendant resides in this judicial district.

16 6. Jurisdiction in this court is proper in that the principal amount in
17 controversy is in excess of $25,000.00.

### FIRST CAUSE OF ACTION

### PREMISES LIABILITY – AGAINST ALL DEFENDANTS

20 7. Plaintiff hereby re-alleges, reiterates and incorporates by reference the
21 allegations of Paragraphs 1 through 6 of this Complaint as though fully set forth herein.

22 8. At all times mentioned herein, Defendant and/or DOES 1 through 100,
23 inclusive, owned, maintained, controlled, managed, and operated the PREMISES located at
24 2700 120th St., Hawthorne, CA 90250.

25 9. On or about November 13, 2016April 18, 2015, Plaintiff was lawfully within
26 the PREMISES. Specifically, Plaintiff was shopping at the PREMISES when Plaintiff was
27 struck in the back, neck & head due to a full shopping cart coming down the escalator while
28 Plaintiff was at the bottom of the escalator. The subject escalator as it was constructed and

-2-

COMPLAINT FOR DAMAGES

maintained was a dangerous condition that was not open and obvious to Plaintiff.

10. At the aforementioned time and place, Defendants, and each of them, inadequately and negligently maintained, repaired, managed, controlled, and owned, the PREMISES. Defendants and each of them, by virtue of their ownership, control, management, manufacture, design, assembly, sale, delivery, repair and/or maintenance of the PREMISES, owed a duty of care to Plaintiff who would foreseeably be on and use the PREMISES.

11. Defendants, and each of them, breached said duty by negligently controlling and/or maintaining the PREMISES, by failing to keep the PREMISES in good order, by negligently failing to take steps including but not limited to making reasonable inspections of the PREMISES to either make the condition safe or warn Plaintiff of the dangerous condition of said PREMISES, all of which caused Plaintiff to be injured, causing Plaintiff to suffer the injuries and damages hereinafter described.

12. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength and activity, sustaining injuries to said person, all of which injuries have caused, and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed, believes and thereon alleges that such injuries have and will result in some temporary and/or permanent disability to her. As a result of such injuries, Plaintiff has suffered general damages in an amount according to proof.

13. As a further direct and proximate result of Defendants', and each of their, negligence, carelessness, recklessness and unlawful conduct thereby caused, as aforesaid, Plaintiff has been required to obtain medical services, past, present and future; has suffered loss of income and earnings, past, present and future; evidence of all of which Plaintiff will present at the time of trial and will amend this Complaint to conform to the proof if required to do so.

14. As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered from severe emotional distress and other mental injuries. As a result of

-3-

COMPLAINT FOR DAMAGES

such distress and mental injuries, Plaintiff has suffered general damages in an amount according to proof but in excess of the jurisdictional amount.

### SECOND CAUSE OF ACTION

### GENERAL NEGLIGENCE – AGAINST ALL DEFENDANTS

15. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 14, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

16. Plaintiff is informed and believes, and hereon alleges, that Plaintiff was further injured due to negligent acts or omissions by agents, representatives or employees of Defendants, and each of them.

17. Plaintiff is informed and believes, and hereon alleges, that at all relevant times, Defendants, and each of them, owed Plaintiff a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to her general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

19. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

20. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact

-4-

DEPT 97 Hon. Benny C. Osorio A7250

BC678975

amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

**PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For an award of Plaintiff's general, special, actual and compensatory damages as proven at time of trial;

2. For lost earnings and earning capacity, past and future, according to proof;

3. For an award of the costs incurred by Plaintiff in bringing and maintaining this action; as well as

4. For such other and further relief which this Court deems just and proper.

DATED: October 7, 2017

CENTURY PARK LAW GROUP,
A Professional Law Corp.



By:_____
ROBERT L. BOOKER II
SOHEIL BAHARI
Attorneys for Plaintiff
DAVID MUHAMMAD

# EXHIBIT "B"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID MUHAMMAD, an individual,

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California
County of Los Angeles on
**10/10/17**
Sherri R. Carter, Executive Officer/Clerk
By *Melissa Yelverton*, Deputy
Melissa Yelverton

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N Hill St., Los Angles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* **BC678975**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Robert L. Booker II; 232065;1801 Century Park East, Suite 2100, Los Angeles, CA 90067; 888-203-1422

| DATE: *(Fecha)* 10/10/2017 | Sherri R. Carter | Clerk, by *(Secretario)* Melissa Yelverton *Melissa Yelverton* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 11.16.17 / 1:15 pm

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-SCANNED

# EXHIBIT "C"

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
TIME RECEIVED              REMOTE CSID         DURATION    PAGES    STATUS
June 5, 2017 8:53:01 PM EDT                    3199        131      Received
06/05/2017 MON 15:59  FAX                                                    ☒001/131
```



# VAZIRI LAW GROUP

5454 Wilshire Boulevard, Suite 830 · Beverly Hills, CA 90212
D 310.777.7540 | T 877.777.7993 | Fax 310.777.0073
info@vazirilaw.com

June 5, 2017

<u>Sent Via U.S. Mail & Facsimile: (800) 922-9165</u>

SEDGWICK CMS
PO BOX 14453
LEXINGTON, KY 40512-4453
ATTN: ROSS HERMAN / CLAIM NO.: 000204688G-0001

|  |  |  |
|---|---|---|
| RE: | **TIME LIMIT SETTLEMENT DEMAND** | |
| | Our Insured | : MARIA D. AMARO |
| | Your insured | : Target Corp. |
| | Date of Loss | : January 5, 2016 |
| | Claim No. | : 000204688G-0001 |
| | **Demand Amount** | : **$800,000.00** |
| | **Demand Expires** | : **June 30, 2017** |

Dear Mr. Herman:

As you know, our law firm represents 60-year-old Maria Del Rosario Amaro in her claim for personal injuries sustained in this major slick and fall incident. Please allow this correspondence to serve as our formal demand for settlement.

**Mrs. Amaro sustained severe and permanent injuries, including but not limited to, her left shoulder, buttocks, left hip, and bilateral knees which necessitated surgical intervention as well as ongoing and future medical care.** As a result, Mrs. Amaro incurred vast medical expenses and has been forced to endure significant pain, suffering, and loss of enjoyment of life.

### FACTS

On Tuesday January 5th, 2016 at approximately 4:40 p.m., Mrs. Amaro was walking towards near the front of the store by the customer service center. Suddenly and without warning, her foot became stuck to a surface causing her to lose her balance. In attempting to regain her balance, her other foot became caught in carpet, causing her to fall. Mrs. Amaro landed on her knees, left shoulder, and left side buttocks. Following the incident Mrs. Amaro was approached by an employee who took a verbal report.

### LIABILITY

As you know, your insured is required to ensure that their floor is free from hazardous conditions that present likely harm. Your insured allowed the surface to remain sticky the path of Mrs. Amaro and customers for an unreasonable period of time, presenting a hazard. Mrs. Amaro was not in a position

Enclosures: Photographs of Mrs. Amaro's Boots; Itemized Medical and Billing Record

www.vazirilaw.com



# VAZIRI LAW GROUP

9454 Wilshire Boulevard, Suite 830 · Beverly Hills, CA 90212
D 310.777.7540 | T 877.777.7990 | Fax 310.777.0373
info@vazirilaw.com

to either appreciate or prepare for the risk created by the sticky surface. Thus, this incident would not have occurred but for the absence of reasonable care by your insured in maintaining their floor.

Your insured reasonably should have discovered the dangerous condition created by the sticky surface so as to have the opportunity to ensure that it no longer posed a danger. The sticky surface was left on the floor in the high traffic area where the front of the store and customer service center meet. The staff on duty should have realized the surface was sticky. To date we have received no indication that adequate sweeps were conducted of the area. There is no doubt a jury would agree that your insured reasonably should have discovered the condition and known that it was dangerous given the openness of the area, its centralized location, and the constant movement incumbent in the operation of your insured's store.

## CAUSATION

The mechanism of the injury is such that Mrs. Amaro stuck to the floor mid-step, causing her forward momentum to throw her to the floor. At the time of the incident, Mrs. Amaro wore a pair of boots with thick rubber soles. Upon stepping on the sticky surface, the friction created by the thick rubber sole against the sticky surface stopped Mrs. Amaro as she stepped. The continued momentum from body caused her to fall forward, forcing her to fall onto her knees and left side of her body.

## DAMAGES

Enclosed please find Maria D. Amaro's itemized medical records and billing for your review. Mrs. Amaro presented to the emergency room at St. Francis Medical Center shortly after her fall. She complained of **bilateral knee pain with a 10 of 10 pain level**. A physical exam corroborated her complaints as she was diagnosed with knee contusion, left hip strain, and left shoulder strain. She was given a knee wrap, a cane, a prescription for Norco, and instructed to follow-up with her primary care provider.

Given her unyielding pain, Mrs. Amaro sought the care of Hess Rehabilitation where **she complained of lower back pain with left foot numbness and bilateral knee pain among other dysfunctions**. A physical exam noted a positive lumbar SLR test, Apley's scratch shoulder test, and bilateral knee swelling with painfully restricted range of motion. She was placed on a course of treatment consisting of chiropractic manipulations and physiotherapy modalities. Her slow progression and persistent bilateral knee symptoms prompted MRI study referrals, which revealed the following:

- <u>Left Knee</u>
    - **Grade III horizontal cleavage tear, posterior horn, medial meniscus;**
    - **Knee joint effusion; and**
    - **Popliteal cyst.**
- <u>Right Knee</u>
    - **Grade III horizontal cleavage tear, posterior horn, medial meniscus;**
    - **Knee joint effusion; and**
    - **Popliteal cyst.**

Enclosures: Photographs of Mrs. Amaro's Boots; Itemized Medical and Billing Record

www.vazirilaw.com



# VAZIRI LAW GROUP

9454 Wilshire Boulevard, Suite 830 · Beverly Hills, CA 90212
D 310.777.7540 | T 877.777.7993 | Fax 310.777.0079
info@vazirilaw.com

Based on these findings, Mrs. Amaro was referred to orthopedic consultation. On April 14, 2016, Mrs. Amaro presented to orthopedic surgeon Dr. Moshe Wilker, M.D, with continued bilateral knee pain complaints. **After a physical exam and records review, Dr. Wilker diagnosed Mrs. Amaro with bilateral knee internal derangement compelling him to recommend a left knee arthroscopy.** On May 23, 2016, Mrs. Amaro underwent the recommended procedure which called for a synovectomy, partial medial meniscectomy, and abrasion chondroplasty. On follow-up examination, Mrs. Amaro presented no complications as she was referred to post-operative physical therapy.

Mrs. Amaro faithfully attended her therapy session from early June to mid-August. Upon discharge from therapy on August 15, 2017, Mrs. Amaro expressed continued left knee pain with painfully restricted range of motion and further elicited by hamstring bending. Her therapist recommended more therapy pending orders from Dr. Wilker.

**To address her incessant right knee symptomology, Dr. Wilker diagnosed Mrs. Amaro with right knee internal derangement for which he recommended and performed a right knee arthroscopy.** On September 23, 2016, Mrs. Amaro underwent the recommended procedure which called for synovectomy, partial medial meniscectomy with lateral meniscectomy, and abrasion chondroplasty. On follow-up examination, Mrs. Amaro again relayed an uneventful recovery while Dr. Wilker recommended right knee physical therapy.

Mrs. Amaro also maintained left knee pain after conservative treatment and minimally invasive surgical intervention. <u>Given her persistent left knee symptomology, Dr. Wilker recommended a left total knee replacement surgery with and estimated global cost of $150,000.00.</u>

## GENERAL DAMAGES

This incident has, and continues to, severely impact Maria Amaro's life. Mrs. Amaro is an active woman who walks and takes public transportation to get where needs. However, since this incident, she has been forced to struggle with the lingering effects of bilateral knee tears. She continues to experience difficulty walking, sleeping, showering, and performing basic household chores. She currently resorts to using over-the-counter medication and soothing creams to deal with her knee pains.

Mrs. Amaro is a hardworking woman who cannot afford to take time off work. As a laundry sorter for a major cleaning company, she is forced to place her body under great physical strain as she performs manual labor tasks. Since the incident, she has worked through the pain, but notes that her body just is not the same anymore.

She has also experienced great emotional strain. She feels a great anxiety when she walks into stores now, fearing that she will again fall victim to a store defect. She continues to feel uneasy when she walks as if her legs will unexpectedly give out.

Enclosures: Photographs of Mrs. Amaro's Boots; Itemized Medical and Billing Record



# VAZIRI LAW GROUP

9454 Wilshire Boulevard, Suite 830 · Beverly Hills, CA 90212
D 310.777.7540 | T 877.777.7993 | Fax 310.777.0370
info@vazirilaw.com

**SETTLEMENT DEMAND**

**In light of the severely debilitating injuries and severe life impact, Maria D. Amaro demands $800,000.00 to resolve this claim.** You should take into consideration the emotional distress, financial hardship, and the pain and suffering inflicted upon her as a result of this accident. Please review this demand along with the enclosed documentation.

Please be advised that our time limit demand will expire on Friday, June 30, 2017 at 5:00 p.m., Eastern Standard Time.

If there is anything else you need, please contact our office. If we do not hear from you, we will assume you have everything you need to evaluate this demand. We look forward to bringing this matter to a prompt conclusion with you.

Thank you very much for your courtesy and cooperation. We look forward to your prompt response.

Very truly yours,
VAZIRI LAW GROUP

_____
SIAMAK VAZIRI, ESQ.
SV/sp

Enclosures: Photographs of Mrs. Amaro's Boots; Itemized Medical and Billing Record

# EXHIBIT "D"

# Special Damages

NAME: Maria Amaro
DOB: 3/25/1957
DOA: 1/5/2016

| EXHIBIT | Provider | DESCRIPTION | DATE OF SERVICE | AMOUNT |
|---|---|---|---|---|
| 1 | St. Francis Medical Center | Emergency Room | 1/5/2016 | $6,068.00 |
| 2 | CEP America California | Emergency Room Physician | 1/5/2016 | $635.00 |
| 3 | St. Francis Radiology Medical Group | Emergency Room Radiology | 1/5/2016 | $175.00 |
| 4 | Hess Rehabilitation & Chiropractic Centers | Chiropractic Care | 01/08/2016-04/18/2016 | $4,103.00 |
| 5 | Sunset Diagnostic Radiology | MRI: Right and Left Knee | 3/7/2016 | $3,600.00 |
| 6 | Moshe H. Wilker, M.D. | Orthopedic Surgeon | 04/14/2016-10/14/2016 | $31,100.68 |
| 7 | Newflex, LLC | Transportation | 8/19/2016 | $900.00 |
| 8 | Abraham Ishaaya, M.D. | Pre-Op | 4/26/2016 | $4,600.00 |
| 9 | Skye Anesthesia | Anesthesia | 5/2/2016 | $3,000.00 |
| 10 | B.O.S.S. | Surgery Center | 5/2/2016 | $56,092.00 |
| 11 | OrthoMed, LLC | Medical Supplies | 5/2/2016 | $1,755.00 |
| 12 | Weststar Physical Therapy | Physiccal Therapy Left Knee | 06/09/2016-08/22/2016 | $5,504.00 |
| 13 | Skye Anesthesia | Anesthesia | 9/23/2016 | $2,400.00 |
| 14 | B.O.S.S. | Surgery Center | 9/23/2016 | $41,695.00 |
| 15 | Weststar Physical Therapy | Physiccal Therapy Right Knee | 10/25/2016-01/05/2017 | $6,180.00 |
| 15 | F.M.E. | Physical Therapy, Left Total Knee Replacement | | $150,000.00 |
| | | | TOTAL | $317,673.68 |

TARG-0443

**PROOF OF SERVICE**
*Maria Amaro vs. Target Corporation*
Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action. My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

On February _13_, 2018, I served the foregoing document described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) [DIVERSITY]** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

SEE ATTACHED SERVICE LIST

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Personal Service)** I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February _13_, 2018, at Long Beach, California.

_____
LETI GUTIERREZ

TARG-0443

<u>*Maria Amaro vs. Target Corporation*</u>
*Case No.*

**SERVICE LIST**

**<u>Attorneys for Plaintiff</u>**

Siamak Vaziri, Esq.
VAZIRI LAW GROUP, A.P.C.
A Professional Law Corporation
5757 Wilshire Blvd., Suite 670
Los Angeles, California 90036

Telephone:   310-777-7540
Facsimile:   310-777-0373
E-Mail:      <u>svaziri@vazirilaw.com</u>