# United States District Court
# Central District of California

| | |
|---|---|
| MARIA AMARO,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION, and DOES 1 through 100, Inclusive,<br><br>    Defendants. | Case No. 2:18-cv-01188-ODW (RAOx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]** |

## I. INTRODUCTION

Plaintiff Maria Amaro brings this slip-and-fall action against Defendant Target Corporation ("Target") asserting claims for negligence and premises liability. (Notice of Errata ("Compl."), ECF No. 7.) Target moves for summary judgment on all claims ("Motion"). (Mot., ECF No. 15.) For the reasons discussed below, the Court **GRANTS** Defendant's Motion.[1]

## II. BACKGROUND

On January 5, 2016, at a Target store in Lakewood, California, Amaro "all of a sudden, and without warning slipped and fell on a sticky substance, causing her

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

serious bodily injury." (Def.'s Statement of Uncontroverted Facts ("SUF") 1, ECF No. 19; Compl. ¶ 7.) Amaro initially thought she tripped on a rubber floor border, but after viewing the store surveillance video she "realized that it didn't happen that way." (SUF 3–6; Decl. of R. Derek Classen ("Classen Decl."), Ex. B ("Amaro Dep.") 18:21–22, 19:24, ECF No. 17; Pl.'s Statement of Genuine Material Issues ("SGI") 2, ECF No. 35.) Amaro did not see anything on the floor that caused her fall. (SUF 13; Amaro Dep. 19:19, 21:23–22:1.) She did not feel anything on the floor with any part of her body, other than her right foot. (SUF 12; Amaro Dep. 29:12.) Amaro's foot just "stuck up against something" and she fell; she does not know what made her fall, but she thinks the ground must have been sticky. (SUF 9; Amaro Dep. 20:19–21, 23:14–25, 24:19–21; SGI 4–5.) Karen Romero ("Romero"), a Target employee responding to Amaro's fall, inspected the floor and surrounding area including by feeling the tile floor with her hand and did not see or feel any foreign substance or debris. (SUF 15, 16; Decl. of Karen Romero ("Romero Decl.") ¶¶ 4–5, ECF No. 18.)

Amaro initiated this action for negligence and premises liability against Target in the Superior Court of the State of California, County of Los Angeles and Target subsequently removed the action to this Court. (*See* Compl.; Notice of Removal, ECF No. 1.) Target moves for summary judgment, arguing Amaro cannot prove the essential elements of her claims, specifically that Amaro cannot establish the existence of a dangerous condition. (Mot. 3, 6.) Amaro twice requested additional discovery before opposing Target's Motion, to depose Target's Person Most Knowledgeable ("PMK"). (*See* First Ex Parte Appl., ECF No. 22; First [sic] Ex Parte Appl., ECF Nos. 27, 29.) Each time, the Court granted an extension of time for Amaro to oppose. (Minute Order, ECF No. 26; Minute Order, ECF No. 31.)

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable

inferences in the light most favorable to the nonmoving party, "so long as their version of the facts is not blatantly contradicted by the video evidence." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018) (citing *Scott,* 550 U.S. at 378). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of

Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

Target moves for summary judgment as to Amaro's Complaint on the basis that she cannot prove essential elements of each of her causes of action for negligence and premises liability. (*See* Mot. 3.) Specifically, Target contends that Amaro cannot prove the existence of a dangerous condition. (*Id.* at 6.)

### A. PRELIMINARY MATTERS

Amaro opposed Target's Motion but did not file a Statement of Genuine Disputes until a week beyond her deadline. (Opp'n to Mot., ECF No. 33; *see* SGI.) As such, the Court may disregard her SGI as untimely. C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.") However, even considering Amaro's SGI timely-filed, it fails to respond to or dispute Target's Uncontroverted Facts. (*See* SGI 1–9.) Accordingly, pursuant to Local Rule 56-3, "the Court assume[s] that material facts as claimed and adequately supported by [Target] are admitted to exist without controversy except to the extent that such material facts are (a) included in [Amaro's SGI] and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

### B. PREMISES LIABILITY AND NEGLIGENCE

Under California law, to establish liability for negligence, a plaintiff must prove: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; (3) causation; and (4) damages. *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). "Premises liability is a form of negligence" in which a property owner

has "a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm." *Brooks v. Eugene Burger Mgmt. Corp.*, 215 Cal. App. 3d 1611, 1619 (1989). Generally, a property owner who knows or should know of a dangerous condition that could expose visitors to an unreasonable risk of harm owes a duty of reasonable care to make the condition safe or warn visitors. *Bridgman v. Safeway Stores, Inc.*, 53 Cal. 2d 443, 446 (1960). "While under some circumstances, negligence may be inferred from the existence of a dangerous condition, the burden rests upon the plaintiff to show the existence of a dangerous condition, and that the defendant knew or should have known of it." *Harpke v. Lankershim Estates*, 103 Cal. App. 2d 143, 145–46 (1951).

## C. ANALYSIS

To prevail in its summary judgment motion, Target must negate at least one of the elements of each cause of action. Here, Target contends Amaro cannot show a dangerous condition existed at the time of her fall. (Mot. 6–7.) The parties do not dispute the material facts, other than whether a sticky substance was present on the floor where Amaro fell. (*See* SUF 11 ("Plaintiff does not think there was anything actually sticky on the floor; she just believes her foot got stuck to the floor"); SGI 4 ("Plaintiff contended that she always knew something sticky on the floor caused her to fall.").) However, Target presents evidence establishing that no foreign substance was present and Amaro's cited evidence fails to refute Target's evidence or otherwise support her claims.

*1. Target establishes the absence of a dangerous condition.*

Target presents evidence establishing that no foreign substance was present on the floor where Amaro fell. Target offers Amaro's deposition, in which she testified that she was not sure why she fell (Amaro Dep. 17:17–19, 20:19–21), her foot just got stuck (*id.* at 23:19–25), her right foot stopped and she lost her balance and fell (*id.* at 24:19–21), she did not see or feel anything foreign or sticky on the floor, other than her right foot stopping (*id.* at 21:23–22:1; 29:4–12), and she did not see anyone clean

anything up off the floor that day or in the surveillance video (*id.* at 22:16–22). Target also offers the declaration of Karen Romero, Executive Team Leader, responsible for responding to guest incidents the day of Amaro's fall. (Romero Decl. ¶¶ 2–3.) Romero inspected the area of the rubber border where Amaro indicated she fell, as well as the surrounding areas including the tile floor, and saw no debris or foreign substance. (*Id.* ¶¶ 4–5.) Romero felt the tile floor with her hand in the area of and surrounding Amaro's incident and felt no foreign substance. (*Id.* ¶ 5.) Romero attached pictures taken shortly after Amaro's fall that accurately reflect the scene, at least one of which Amaro undisputedly authenticated during her deposition as the location of the fall; no foreign substance appears in the photographs. (*See id.* ¶ 7, Exs. D–F; Decl. of Stefano G. Formica ("Formica Decl.") ¶ 4, Ex. B, ECF No. 33-1.) Romero received no other complaints regarding anything sticky on the floor or reports of falls on the day of Amaro's fall. (Romero Decl. ¶ 8.)

Finally, Target submits a surveillance video of Amaro's fall. (Notice of Lodging ("Video"), ECF No. 16.) Plaintiff acknowledges the video accurately depicts her fall on January 5, 2016. (Amaro Dep. 29:13–21.) The video begins at 4:21 p.m. and continues for ten minutes; Amaro's fall occurred at 4:26:55 p.m., according to the timestamp. (*See* Video.) In the five minutes before Amaro fell, no fewer than twenty-six people traverse the immediate vicinity of Amaro's fall. (*Id.* at 4:21–4:27.) Importantly, at least seven people walk *directly over the precise location* of Amaro's fall without incident. (*See id.* at 4:21:25, 4:22:20, 4:22:40, 4:23:05–25, 4:24:44.) These individuals are adults and children, walking fast and slow, with and without shopping carts, and yet not one pauses, points, or falters. The video evidence further supports that no foreign substance was present.

    *2.    Amaro fails to establish the presence of a dangerous condition.*

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that some metaphysical doubt about a material issue of fact precludes summary judgment. *See Celotex*, 477 U.S. at 322–23. A court must

enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* Amaro fails to refute Target's evidence or otherwise show the presence of a dangerous condition.

Amaro offers her deposition testimony, where she testified that the floor was sticky. (Amaro Dep. 26:23–24 ("It was just sticky. As though when they're waxing it with something and it's sticky.").) However, "[c]onclusory or speculative testimony . . . is insufficient to raise genuine issues of fact and defeat summary judgment." *Thornhill's*, 594 F.2d at 738. Amaro's uncorroborated deposition testimony that the floor was sticky does not surmount Target's evidence to the contrary. Amaro also attempts to undermine Romero's declaration by arguing that Romero must have inspected the wrong area, because Amaro initially reported she tripped over the rubber border. But Romero states that she inspected the rubber border area *as well as the surrounding area, including the tile floor*, and found no foreign substance or debris.

Amaro next argues that whether a condition is dangerous is a question of fact for a jury, citing *Huffman v. City of Poway*, 84 Cal. App. 4th 975, 991 (2000) ("Whether a given set of facts and circumstances creates a dangerous condition is usually a question of fact. The issue of a dangerous condition becomes a question of law only where reasonable minds can come to only one conclusion.") (internal citations omitted). But this presupposes the *existence of a condition* before a question can arise as to whether that condition is dangerous. Here, Amaro has failed to establish that any condition existed other than a clean tile floor clear of debris. Reasonable minds can reach only one conclusion under these circumstances, that no dangerous condition existed.

Amaro requested multiple extensions to depose Target's PMK, to gain support for her opposition to Target's Motion. Amaro relies on the deposition of Dave Wong, Target's PMK, for the sole point that Target does not maintain documentation that

would show whether an area had been walked and inspected on a particular day. (SGI 9.) This is irrelevant—Wong's testimony does nothing to establish that a dangerous condition existed or refute Target's evidence establishing the contrary.

Just as in *Buehler* and *Harpke*, which Target cites in support of it Motion, Amaro has failed to carry her burden to establish that a dangerous condition existed. *See Buehler v. Alpha Beta Co.*, 224 Cal. App. 3d 729, 734 (1990) ("Conjecture that the floor might have been too slippery at the location where appellant happened to fall is mere speculation which is legally insufficient to defeat a summary judgment."); *Harpke*, 103 Cal. App. 2d at 145 (affirming nonsuit where "[a]ll that [the plaintiff's evidence] showed was that she slipped and fell; that she lost her balance, she did not see anything on the stairway that caused her to slip and fall, and she did not know what caused her to slip.") Accordingly, no genuine dispute of fact exists and Target is entitled to judgment as a matter of law.

Even in this current state of alternate facts, simply saying a thing does not make it so. Amaro cannot wish a sticky floor into existence. Amaro must support her claims with more than mere speculation in opposing summary judgment. She has failed to do so. Accordingly, Target is entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Target's Motion for Summary Judgment. The Court will issue judgment.

**IT IS SO ORDERED.**

April 9, 2019

_____
      **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**